# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| AIMEE LYNN O'NEIL, | |
|---|---|
| Plaintiff, | Case No. 2:20-cv-00878-GMN-VCF |
| vs. | **Order** |
| STATE OF NEW YORK, | APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC No. 1) AND COMPLAINT (ECF No. 1-1) |
| Defendant. | |

Before the Court are pro se plaintiff Aimee Lynn O'Neil's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). O'Neil's in forma pauperis application is granted and her complaint is dismissed without prejudice.

## DISCUSSION

O'Neil's filings present two questions: (1) whether O'Neil may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether O'Neil's complaint states a plausible claim for relief.

**I.      Whether O'Neil May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that she receives $420 per week in unemployment benefits. (*Id*.) Plaintiff's application to proceed in forma pauperis is granted.

**II.     Whether O'Neil's Complaint States a Plausible Claim**

   **a.   Legal Standard**

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis,

the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible."  556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Federal Rule of Civil Procedure 8(a)(1) also requires that, "[a] pleading that states a claim for relief must contain…a short and plain statement of the grounds for the court's jurisdiction." Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).  The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

2

deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. O'Neil's Complaint

O'Neil alleges that the State of New York should not have allowed her mother to take her home from the hospital after the plaintiff's birth in 1969 because her mother is a narcissist. (ECF No. 1-1 at 5). O'Neil alleges a lifetime of abuse because of her mother's mental health issues which led to plaintiff being removed from her mother's care by the State of New York in 1985. (*Id.*) O'Neil alleges that the State of New York should have known that her mother was mentally ill when her mother gave birth to plaintiff at the hospital. (*Id.*) It appears that plaintiff only brings claims against the State of New York, but she lists the Attorney General as the "address" for the State of New York. (*Id.*) Plaintiff brings claims against the State of New York for intentional infliction of emotional distress, loss of wages, and for permanent disability. (*Id.*) Plaintiff also seeks punitive damages. (*Id.*)

Under the Eleventh Amendment a state may not be sued by a citizen of any state in federal court without its consent. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); see also *Edelman v. Jordan*, 415 U.S. 651, 662-63, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974) ("[W]hile the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). Waiver of a State's Eleventh Amendment immunity will not be found unless such consent is "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984).

"The Due Process Clause of the U.S. Const. amend. XIV protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 60, 120 S. Ct. 2054, 2057 (2000). "The relationship between parent and child is

3

constitutionally protected." *Id.* "It is cardinal with the court that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." *Id.* "So long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *Id.*

The State of New York has not unequivocally expressed that it has waived sovereign immunity, thus New York is immune from liability. Plaintiff has also failed to state a claim. Plaintiff does not have a claim against the State of New York for allowing her mother to take her home from the hospital 51 years ago because parents have a constitutional right to their children. The State did not intervene until 1985, when plaintiff was approximately 16, but the plaintiff's proposition, that the State should have taken her before her mother did anything wrong, immediately after her birth at the hospital, would violate a parent's constitutional rights. The Court also has statute-of-limitations concerns given that plaintiff brings claims regarding an event that occurred 51 years ago, long after any applicable statute-of-limitation in either Nevada or New York would allow. Plaintiff has also failed to plead a short and plain statement of the grounds for this Court's jurisdiction over the State of New York pursuant to Federal Rule of Civil Procedure 8(a)(1). While the Court believes it is unlikely that the plaintiff will be able to state a claim, the Court will give her one additional opportunity to amend. The Court dismisses her complaint without prejudice.

ACCORDINGLY,

IT IS ORDERED that plaintiff O'Neil's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

4

IT IS FURTHER ORDERED that O'Neil's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that O'Neil has until Monday, August 24, 2020, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 24th day of July, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE