UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| AIMEE LYNN O'NEIL,<br><br>              Plaintiff,<br>vs.<br><br>STATE OF NEW YORK,<br><br>              Defendant. | Case No. 2:20-cv-00878-GMN-VCF<br><br>**Report and Recommendation for Dismissal**<br><br>AMENDED COMPLAINT (ECF NO. 10); AMENDED COMPLAINT (ECF NO. 11); MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 5); MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 6); MOTION FOR ENTRY OF CLERK'S DEFAULT (ECF NO. 7); MOTION FOR SUMMARY JUDGMENT (ECF NO. 12); MOTION FOR SUMMARY JUDGMENT (ECF NO. 13) |

Before the Court is pro se plaintiff Aimee Lynn O'Neil's amended complaints (ECF Nos. 10 and 11). Also before the Court are her motions for a temporary restraining order (ECF No. 5), for a preliminary injunction (ECF No. 6), for entry of clerk's default judgment (ECF No. 7), and for summary judgment (ECF Nos. 12 and 13). The Court recommends that plaintiff's amended complaint be dismissed with prejudice, and all her motions be denied.

**I.    Discussion**

The Court previously dismissed plaintiff's complaint without prejudice[1], finding that she failed to state a claim: the Eleventh Amendment barred her suit because she, "allege[d] that the State of New York should not have allowed her mother to take her home from the hospital after the plaintiff's birth in 1969 because her mother is a narcissist." (ECF No. 8, citing to *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); and *Edelman v. Jordan*, 415 U.S. 651, 662-63, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974)("[W]hile

---

[1] This is not the first case that plaintiff O'Neil has brought against the State of New York that this Court recommends be dismissed with prejudice: see *O'Neil v. State of New York,* 2:20-cv-01203-GMN-VCF.

the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."); and *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984) (Waiver of a State's Eleventh Amendment immunity will not be found unless such consent is "unequivocally expressed.")

The Court allowed plaintiff to file an amended complaint, but also noted that it also had concerns regarding statutes-of-limitations because plaintiff brings claims regarding an event that occurred 51 years ago, long after any applicable statute of-limitation in either Nevada or New York would allow. (ECF No. 8 at 3).

### a. Plaintiff's Amended Complaints

Plaintiff has timely amended her complaint, but she filed two different amended complaints on successive days. (ECF Nos. 10 and 11). Since the plaintiff is pro se, the Court will screen both amended complaints. In the first amended complaint (ECF No. 10) plaintiff still brings claims against the single defendant the State of New York regarding her mother being allowed to take her home from the hospital 51 years ago. She adds more facts regarding her childhood, and she adds claims for legal malpractice and negligence against the State of New York. (*Id*.) Plaintiff, however, does not address any of the Court's concerns regarding immunity or whether her claims are barred by any applicable statutes of limitations. In the subsequent amended complaint (ECF No. 11) plaintiff again brings the same claims against the State of New York regarding the same set of facts, except that she also alleges that her mother continues to harass her, which she alleges would not be happening if the State of New York had not allowed her mother to take her home from the hospital. (*Id*.)  Plaintiff again only brings claims against the single defendant the State of New York. (*Id*.) Plaintiff does not address the Court's concerns regarding sovereign immunity and the statutes of limitations. (*Id*.)

Despite plaintiff's amendment to her complaint, plaintiff still seeks relief that cannot be awarded in a § 1983 action. Plaintiff has failed to state a claim against the defendant the State of New York regarding events that occurred 51 years ago. O'Neil fails to articulate a claim or claims against defendant and she has not cured any deficiencies through amendment. The Court also finds that plaintiff's claims are frivolous which further supports the Court's recommendation that this case be dismissed with prejudice.

### b. Plaintiff's Motions

Plaintiff also filed motions for a preliminary injunction and a temporary restraining order. (ECF Nos.5 and 6.) A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam)). "The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are 'substantially identical.'" *Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiff alleges in her motions that the State of New York must be enjoined because, "it failed to act on [her] behalf." Plaintiff also alleges that the State of New York has failed to intervene on her behalf regarding ongoing issues with her mother: she includes many facts about her relationship with her mother that are far outside the facts in her amended complaint. (ECF Nos. 5 and 6). Since the Court recommends that this case be dismissed because plaintiff has failed to state a plausible claim, plaintiff cannot show that she is entitled to extraordinary relief. The plaintiff filed her motions for default and summary judgment before the Court could screen her amended complaint(s). The Court recommends that all these motions be denied because plaintiff does not have any plausible claims against the State of New York. This case should be dismissed.

3

ACCORDINGLY,

IT IS RECOMMENDED that plaintiff Aimee Lynn O'Neil's amended complaints (ECF Nos. 10 and 11) and this action be DISMISSED WITH PREJUDICE, and Judgment entered.

IT IS FURTHER RECOMMENDED that plaintiff's motions for a temporary restraining order (ECF No. 5), for a preliminary injunction (ECF No. 6), for entry of clerk's default judgment (ECF No. 7), and for summary judgment (ECF Nos. 12 and 13) all be DENIED.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO RECOMMENDED.

DATED this 16th day of November 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4